**M. E. ANDERSON, Appellant,**

v.

**L. F. CLIFTON, Appellee.**

No. 4065.

Court of Civil Appeals of Texas.

Waco.

Nov. 21, 1962.

Rehearing Denied Dec. 13, 1962.

Kelley, Looney, McLean & Littleton, Edinburg, Carl M. Higdon, Jr., Elsa, for appellant.

Rankin, Kern, Martinez, & de la Garza, McAllen, for appellee.

McDONALD, Chief Justice.

Plaintiff Clifton sued defendant Anderson for damages for breach of an oral contract of employment.

Plaintiff alleged that he and defendant entered into an oral contract to grow nurs-

ery stock, whereby defendant purchased land and seedlings and was to pay for the labor; and plaintiff was to oversee the work; and when the trees were sold, defendant would be reimbursed the amounts he put up for expenses and labor; and then plaintiff and defendant would divide the balance. Pursuant to such agreement some 60,000 orange seedlings were purchased in 1956. Plaintiff alleged that in July or August of 1957 defendant breached his contract by refusing (through his agent) to pay the labor costs during the final stage of the cultivation of the trees. As a result, plaintiff ceased work at the nursery, the trees were not marketed, and in December 1957 most of the trees were killed by a freeze.

Trial was to a jury which found:

1) Defendant failed to provide labor consisting of either men or funds, requested by plaintiff.

2) Joe Davidson refused to provide labor, consisting of either men or funds, requested by plaintiff.

3) Joe Davidson had authority from defendant to refuse to provide labor, consisting of either men or funds, requested by plaintiff.

4) Defendant's wife did not refuse to provide labor, consisting of either men or funds, requested by plaintiff.

7) Had not the labor been refused, the trees in the nursery, planted and cared for by plaintiff, would have been ready to be transplanted into groves prior to December 12, 1957.

8) 40,000 trees would have been ready for transplanting prior to 12 December 1957.

9) There existed a market for such trees prior to 12 December 1957.

10) 11) 12) Related to the amount of damages.

13) Labor or money were not available to plaintiff subsequent to the time he quit operating the nursery.

14) The instructions given by defendant to Joe Davidson in the presence of plaintiff were not limited to his making labor and irrigation available to the nursery upon plaintiff's request.

The trial court entered judgment for plaintiff upon the verdict for $19,350.

Defendant appeals, contending:

1) The Trial Court erred in submitting Issue 1 as it was without support in the evidence.

2) There was no evidence to support the submission or finding of Issue 3.

3) The Trial Court erred in entering judgment for breach of contract because such is not supported by the jury findings and evidence.

4) The Trial Court erred in entering judgment for plaintiff, because plaintiff failed to notify defendant of Davidson's refusal to furnish labor and funds.

5) The Trial Court erred in permitting plaintiff to file trial amendment enlarging the period in which the breach of contract was alleged to have occurred.

■ Defendant's 1st contention is that the Trial Court erred in submitting Issue 1, asserting it is without support in the evidence. The record is without dispute that defendant did not personally refuse to provide labor and funds as requested by plaintiff. However, this issue is not necessary to support the judgment rendered for plaintiff. Therefore the submission of such issue is not reversible error. 41B Tex.Jur. p. 506.

■ Defendant's 2nd contention is that there is no evidence to support Issue 3, which found that defendant's employee Joe Davidson had authority from defendant to refuse to provide labor or funds, requested by plaintiff, for the operation of the nursery; and defendant's 3rd contention is that the breach of contract is not supported by the jury findings and the evidence.

The record reflects that defendant appointed Davidson his agent to look after and take care of the labor problem during defendant's absence from the state, and that defendant directed plaintiff to go to Davidson to get labor or anything needed at the nursery. Defendant told Davidson in the presence of plaintiff to take care of the labor bills while he was gone from the state. A few months later, plaintiff took the weekly labor bill to Davidson for payment and Davidson refused to pay same saying "Hell, Mr. Anderson don't need any more trees, we done dropped that deal out there and he is buying a big block of land up the river and we are going into a big cattle deal up there. I am not paying any of the bills, you have to go to his wife to get the money for the week's work."

Plaintiff went to defendant's wife for the week's payroll, who paid same, but told him she would not pay any more. Plaintiff thereafter abandoned work at the nursery and in December it froze.

As noted, Davidson had general authority to deal with the labor problems, and included in such was authority to refuse to pay for labor. Moreover, although defendant testified in the case, he made no attempt to restrict Davidson's general authority as an agent. We think the record ample to sustain the jury's finding, and that such findings are ample to sustain defendant's breach of contract.

■ Defendant's 4th contention is that the facts constitute plaintiff's and defendant's arrangement one of joint venture, and that plaintiff had the duty to advise defendant of the breach of the contract by his agent, Davidson, before seeking to hold defendant liable for such breach.

The agreement was that defendant agreed to furnish the money, and plaintiff agreed to oversee the work, on a nursery project. When the nursery stock was sold, defendant was to receive back all moneys he had advanced, and any surplus was to be divided between plaintiff and defendant. There was no agreement for plaintiff to share in any losses.

Under such agreement plaintiff was to present bills for labor and expense to Joe Davidson, who was defendant's agent to deal with labor while defendant was out of the state, and Davidson was to pay same. Davidson refused to pay same and, as noted, it is our view he acted within the scope of his authority. Under such factual situation we do not think it was incumbent upon plaintiff to communicate with defendant, in a distant state, and advise him of Davidson's breach of the contract.

■ Defendant's last contention is that the Trial Court erred in permitting plaintiff to file a trial amendment enlarging the time of the breach. Plaintiff had alleged the breach occurred in July. The record reflected that 2 checks were actually paid by defendant for labor during the first 2 weeks in August. Plaintiff then amended and alleged the breach complained of took place in August, which the Trial Court permitted. The Trial Court did not abuse its discretion. Rule 66, Texas Rules of Civil Procedure.

Defendant's points and contentions are overruled and the judgment of the Trial Court is affirmed.